**Adrian Navarro INFANTE; Maricela**
**Patino Alvarado, Petitioners,**

v.

**Alberto R. GONZALES, Attorney**
**General, Respondent.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Adrian Navarro Infante; Maricela
Patino Alvarado, Petitioners,

v.

Alberto R. Gonzales, Attorney
General, Respondent.

Nos. 04–70916, 04–74885.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 21, 2006.*

Filed Dec. 29, 2006.

Maricela Patino Alvarado, Mission Viejo,
CA, pro se.

Adrian Navarro Infante, Mission Viejo,
CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office
of the District Counsel, Department of
Homeland Security, San Francisco, CA,
James A. Hunolt, Esq., M. Jocelyn Lopez
Wright, Esq., DOJ–U.S. Department of
Justice, Civil Div./Office of Immigration
Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and
LEAVY, Circuit Judges.

MEMORANDUM **

Adrian Navarro Infante and Maricela
Patino Alvarado, natives and citizens of
Mexico, petition pro se for review of the
Board of Immigration Appeals' ("BIA")
February 12, 2004, order dismissing their
appeal from the Immigration Judge's deni-
al of cancellation of removal, and the BIA's
August 31, 2004, order denying their mo-
tion to reopen removal proceedings. We
have jurisdiction under 8 U.S.C. § 1252.
We deny the consolidated petitions for re-
view.

Petitioners have not made any con-
tentions regarding the BIA's February 12,
2004, order in their opening brief, and so
petitioners have waived review of this or-

---

* This panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
9th Cir. R. 36–3.

**626**

der. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996).

■ As to the BIA's August 31, 2004, order, the BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely, because they did not file the motion within 90 days of the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and did not demonstrate a material change in circumstances in Mexico, *see* 8 C.F.R. § 1003.2(c)(3)(ii).

Petitioners' reliance on *Khourassany v. INS,* 208 F.3d 1096, 1099 & n. 2 (9th Cir.2000), is misplaced. In that case, the 90–day time limit for motions to reopen did not apply because petitioner had been ordered deported before March 22, 1999. *See* 8 C.F.R. § 1208.18(b)(2).

**PETITIONS FOR REVIEW DENIED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.